UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO VILLA, | ) 1:12-cv—01585-SKO-HC |
| | ) |
| Petitioner, | ) ORDER GRANTING PETITIONER LEAVE |
| | ) TO FILE A MOTION TO AMEND THE |
| | ) PETITION AND NAME A PROPER |
| v. | ) RESPONDENT NO LATER THAN THIRTY |
| | ) (30) DAYS AFTER THE DATE OF |
| FRESNO COUNTY SUPERIOR COURT, | ) SERVICE OF THIS ORDER |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on September 27, 2012.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named as Respondent the Fresno County Superior Court. Petitioner is incarcerated at the Mount Bullion Conservation Camp No. 39, which is located in Mariposa, California. The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the camp commander at that facility is Lt. C. Dean.[1]

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-Sandoval v.

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

2

1  Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California
2  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the
3  person having custody of an incarcerated petitioner is the warden
4  of the prison in which the petitioner is incarcerated because the
5  warden has "day-to-day control over" the petitioner and thus can
6  produce the petitioner.  Brittingham v. United States, 982 F.2d
7  378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme
8  Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief
9  officer in charge of state penal institutions, such as Matthew
10 Cate, the Secretary of the CDCR, is also appropriate.  Ortiz-
11 Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.
12     Petitioner's failure to name a proper respondent requires
13 dismissal of his habeas petition for lack of jurisdiction.
14 Stanley, 21 F.3d at 360.
15     However, the Court will give Petitioner the opportunity to
16 cure this defect by amending the petition to name a proper
17 respondent, such as the warden of his facility.  See, In re
18 Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of
19 judicial economy, Petitioner need not file an amended petition.
20 Instead, Petitioner may file a motion entitled "Motion to Amend
21 the Petition to Name a Proper Respondent" wherein Petitioner may
22 name the proper respondent in this action.
23     III.  Order Granting Leave to File a Motion to Amend
             the Petition
24
    Accordingly, Petitioner is GRANTED thirty (30) days from the
25
   date of service of this order in which to file a motion to amend
26
   the instant petition and name a proper respondent.  Failure to
27
   amend the petition and state a proper respondent will result in
28

dismissal of the petition for lack of jurisdiction or failure to name as respondent a person with the power to produce the petitioner.

IT IS SO ORDERED.

**Dated:    October 10, 2012**               /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE