**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVARO VILLA, <br><br> Petitioner, <br> v. <br><br> JEFFREY A. BEARD, SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br> Respondent. | Case No. 1:12-cv-01585-AWI-SKO-HC <br><br> ORDER SUBSTITUTING RESPONDENT <br><br> FINDINGS AND RECOMMENDATIONS TO DENY THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1), ENTER JUDGMENT FOR RESPONDENT, AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY <br><br> **OBJECTIONS DEADLINE:** <br> **THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on September 27, 2012.  Respondent filed an answer on January 29, 2013.[1] Petitioner filed a traverse, styled as "Opposition" to the answer, on February 22, 2013.

---

[1] Although Respondent purported to lodge a state court record in support of the answer (doc. 13), the documents were never lodged with the Court.

1

I.  <u>Jurisdiction and Order Substituting Respondent</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

The challenged judgment was rendered by the Superior Court of the State of California, County of Fresno (FCSC), which is located within the territorial jurisdiction of this Court.  28 U.S.C. §§ 84(b), 2254(a), 2241(a), (d).  Petitioner claims that in the course of the proceedings resulting in his conviction, he suffered violations of his constitutional rights.

Accordingly, the Court concludes that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 2254(a) and 2241(c)(3), which authorize a district court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. - , -, 131 S.Ct. 13, 16 (2010) (per curiam).

An answer was filed on behalf of Respondent Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR), who was named by Petitioner and who had custody of Petitioner at his institution of confinement.  Petitioner thus has named as a respondent a person who had custody of Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  <u>See</u> <u>Stanley v. California Supreme Court</u>, 21

F.3d 359, 360 (9th Cir. 1994).

However, in view of the fact that the Secretary of the CDCR is now Jeffrey A. Beard, it is ORDERED that Jeffrey A. Beard, Secretary of the CDCR, is SUBSTITUTED as Respondent pursuant to Fed. R. Civ. P. 25.[2]

II.   Background

Petitioner alleges he is serving a seven-year sentence imposed in November 2011 in the FCSC for what Petitioner describes as "DUI-second strike." (Petn., doc. 1, 1.)  Petitioner appends to the petition documents chronicling his unsuccessful attempt to appeal his conviction after the trial court denied his request for a certificate of probable cause, a document that was required for Petitioner to proceed with an appeal following a guilty plea. Attached to his petition is a copy of a petition for writ of habeas corpus that petitioner filed in the California Supreme Court (CSC). The petition was denied summarily on June 27, 2012.[3]

---

[2] Fed. R. Civ. P. 25(d) provides that when a public officer who is a party to a civil action in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. It further provides that the Court may order substitution at any time, but the absence of such an order does not affect the substitution.

vThe Court takes judicial notice of the identity of the secretary from the official website of the California Department of Corrections and Rehabilitation (CDCR), http://www.cdcr.ca.gov.  The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).

[3]  The  Court takes judicial notice of the CSC's summary denial of Petitioner's state habeas petition.  See White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

III.   <u>Ineffective Assistance of Counsel in Coercing Plea</u>

Petitioner alleges he suffered the ineffective assistance of counsel (IAC) in violation of his rights under the Sixth and Fourteenth Amendments because his appointed trial counsel was ineffective in coercing Petitioner to enter a guilty plea pursuant to a bargain for a seven-year sentence.  Although counsel advised Petitioner to take the offer to avoid a possible life sentence for a third strike, Petitioner alleges counsel only showed him one strike "on my court papers," but "I told him I only signed one in 2007." (<u>Id.</u> at 6.)  Petitioner alleges that although he asked counsel to file a <u>Romero</u> motion (i.e., a motion to strike a prior conviction pursuant to state law), counsel failed to do so, and he said that if he did file such a motion, the plea offer was off, and the prosecutor "was filing for three strikes."  (<u>Id.</u>)  Both counsel and the trial court failed to show Petitioner court papers showing whether he had one or two strikes, even though he asked them to do so.  (<u>Id.</u>)

Petitioner states in an unverified document that if he had not been advised to take the deal, the maximum sentence he would have faced was the seven years he received; he would have insisted on a <u>Romero</u> motion being made to strike a prior, and if the offer then had still been seven years, he would have gone to trial.  He admits that he was guilty of the substantive offense and that he deserved to serve prison time for the prior conviction.  (Trav., doc. 14, 4.)

A.   <u>Legal Standards</u>

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on

> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> with respect to any claim that was adjudicated
> on the merits in State court proceedings unless
> the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000).

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but applies it to a new set of facts in an objectively unreasonable manner, or 2) extends or fails to extend a clearly established legal principle to a new context in an objectively unreasonable manner. Hernandez v. Small,

282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Even a strong case for relief does not render the state court's conclusions unreasonable. Id. To obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. The § 2254(d) standards are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof. Cullen v. Pinholster, 131 S.Ct. at 1398. Habeas relief is also not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA. Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

In assessing under section 2254(d)(1) whether the state court's legal conclusion was contrary to or an unreasonable application of

6

federal law, "review... is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. at 1398. Evidence introduced in federal court has no bearing on review pursuant to § 2254(d)(1). Id. at 1400. Further, 28 U.S.C. § 2254(e)(1) provides that in a habeas proceeding brought by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of producing clear and convincing evidence to rebut the presumption of correctness. A state court decision on the merits based on a factual determination will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceedings. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The law governing claims concerning ineffective assistance of counsel is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Premo v. Moore, - U.S. -, 131 S.Ct. 733, 737-38 (2011); Canales v. Roe, 151 F.3d 1226, 1229 n.2 (9th Cir. 1998). To demonstrate ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments, a convicted defendant must show that 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all the circumstances of the particular case; and 2) unless prejudice is presumed, it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different. Strickland

7

1  v. Washington, 466 U.S. 668, 687-94 (1984); Lowry v. Lewis, 21 F.3d

2  344, 346 (9th Cir. 1994).  A petitioner must identify the acts or

3  omissions of counsel that are alleged to have been deficient.

4  Strickland, 466 U.S. at 690.

5      In determining whether counsel's conduct was deficient, a court

6  should consider the overall performance of counsel from the

7  perspective of counsel at the time of the representation.

8  Strickland, 466 U.S. at 689.  There is a strong presumption that

9  counsel's conduct was adequate and within the exercise of reasonable

10  professional judgment and the wide range of reasonable professional

11  assistance.  Strickland, 466 U.S. at 688-90.

12      Establishing that a state court's application of the Strickland

13  standard was unreasonable under § 2254(d) is all the more difficult.

14  The standards created by Strickland and § 2254(d) are both highly

15  deferential.  Id., at 689 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320,

16  333, n.7 (1997).  When the two apply together, review is doubly

17  deferential.  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).  The

18  Strickland standard is a general one, so the range of reasonable

19  applications is substantial.  Id.  When § 2254(d) applies, the

20  question is not whether counsel's actions were reasonable; the

21  question is whether there is any reasonable argument that counsel

22  satisfied Strickland's deferential standard.  Premo v. Moore, 131

23  S.Ct. at 739-40.

24      Here, with respect to a challenge to a guilty plea, if a

25  prisoner pleads guilty on the advice of counsel, the prisoner must

26  demonstrate that the advice was not within the range of competence

27  demanded of attorneys in criminal cases.  Tollett v. Henderson, 411

28  U.S. 258, 266-67 (1973).  A guilty plea represents a break in the

8

chain of events which has preceded it in the criminal process.  When

a criminal defendant has admitted in open court that he is in fact

guilty of the offense with which he is charged, he may not raise

independent claims relating to the deprivation of constitutional

rights that occurred before the entry of the guilty plea; he may

only attack the voluntary and intelligent character of the guilty

plea by showing that the advice he received from counsel was not

within the range of reasonable competence.  Tollett v. Henderson,

411 U.S. at 267.

To demonstrate ineffective assistance of counsel in the context

of a challenge to a guilty plea, a habeas petitioner must show both

that counsel's advice fell below an objective standard of

reasonableness as well as a "reasonable probability" that, but for

counsel's errors, the petitioner would not have pleaded guilty and

would have insisted on going to trial.  Hill v. Lockhart, 474 U.S.

52, 58-59 (1985) (the two-part test of Strickland v. Washington

applies to challenges to guilty pleas based on the ineffective

assistance of counsel); Missouri v. Frye, – U.S. – , 132 S.Ct. 1399,

1405 (2012) (reaffirming that Hill is properly applied to claims of

ineffective assistance of counsel in the context of acceptance of a

plea bargain); Padilla v. Kentucky, – U.S. – , 130 S.Ct. 1473, 1485

(2010) (to obtain relief on this type of claim, a petitioner must

convince the court that a decision to reject the plea bargain would

have been rational under the circumstances).

B.  Analysis

Petitioner does not allege he was ignorant of either his

constitutional rights or the substantive law relating to his

commitment offense; he readily admits that he is guilty of the

substantive offense and that he deserves prison time for his prior conviction. (Doc. 14, 5.) Petitioner's sole challenge is to the advice received regarding the sentence imposed pursuant to the bargain.

Petitioner alleges in a conclusional fashion that he had only one prior strike, he only signed one, and counsel did not show him any paper work that proved that he had sustained two prior strikes. (Petn., doc. 1, 6; doc. 14, 4 [unsworn statement in the traverse].) He alleges that both the prosecutor and defense counsel stated that he had two prior convictions (doc. 1, petn. filed in CSC at 3); however, he does not set forth the nature of any prior conviction or any other factual detail regarding his criminal history. Likewise, if he is contending that there was a basis for striking a prior conviction to reduce his overall sentence, he has failed to specify any facts warranting a motion to strike a prior conviction or even suggesting that such a motion would have been successful.

Petitioner alleges that counsel only spoke to him two or three minutes before each court appearance and did nothing to obtain a lower sentence for Petitioner. (Doc. 1, petn. filed in CSC at 4.) Defense counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes a particular investigation unnecessary. Strickland, 466 U.S. at 691. A failure to investigate must be reasonable in light of all the circumstances. Id. What counsel knows may also be a critical component in determining the reasonableness of a failure to investigate. In this regard, the Court in Strickland stated the following:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually

10

based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

Strickland v. Washington, 466 U.S. at 691.

Here, Petitioner has not detailed the charges filed against him, the conduct that was the basis of the charges, his criminal history, facts indicating the legal sufficiency of any of his prior convictions or other adjudications to warrant the sentence actually imposed or a different sentence, or the precise terms of the plea bargain which Petitioner apparently accepted.  These are all matters that are within Petitioner's personal knowledge.

The record indicates at best that there was a disagreement or misunderstanding between Petitioner and the other participants in the criminal proceedings as to the nature or legal effect of prior adjudications, but not that counsel gave incorrect advice.  Although Petitioner asserts in an unsworn document that he would have gone to trial had he received correct advice, he has not set forth any basis for concluding that the advice to take the plea was, under all the circumstances, objectively unreasonable and without the range of reasonable competence.  Petitioner has not shown that he could have

1  avoided conviction or a seven-year sentence.  Indeed, he has

2  admitted his guilt and that he deserves to serve time for his prior

3  conviction.  The state court could have reasonably concluded that

4  Petitioner had not shown substandard advice or any basis for an

5  inference of prejudice.

6      Accordingly, it will be recommended that Petitioner's IAC claim

7  be denied.

8      IV.  <u>Excessive Sentence</u>

9      Petitioner alleges that his sentence of seven years, consisting

10  of the upper term of three years doubled to six because of a "prior

11  strike" with an additional year for a "prison prior," was excessive

12  because he was coerced to agree to it when it was not certain that

13  Petitioner even had two prior "strike" convictions, and because the

14  restitution ordered was excessive.  (Pet., doc. 1, 8.)  He alleges

15  that at his first court appearance, he was offered thirty-two months

16  and a second strike, and three months later he was looking at seven

17  years and a third strike when they were not even sure he had two

18  strikes.  (<u>Id.</u>)

19      With respect to restitution, Petitioner alleges only that he

20  was ordered to pay $3,000 because he was on parole, whereas others

21  were charged only $200.00.  (<u>Id.</u>)

22      With respect to the component of the sentence relating to

23  Petitioner's time in custody, he does not appear to argue that his

24  sentence exceeded the time to which he was properly exposed under

25  state law.  Such a claim would not warrant relief in this

26  proceeding.  A claim alleging misapplication of state sentencing law

27

28  involves a question of state law which is not cognizable in a

proceeding pursuant to 28 U.S.C. § 2254.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (rejecting a claim that a state court misapplied state statutes concerning aggravating circumstances on the ground that federal habeas corpus relief does not lie for errors of state law); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (concluding that claims alleging only that the trial court abused its discretion in selecting consecutive sentences and erred in failing to state reasons for choosing consecutive terms are not cognizable); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (concluding that a claim concerning whether a prior conviction qualified as a sentence enhancement under state law was not cognizable).  Petitioner has not shown that the challenged aspects of his sentence violated federal law.

To the extent that Petitioner may be challenging his seven-year sentence as disproportionate and excessive, Petitioner has not alleged facts that would entitle him to relief.  A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Rummel v. Estelle, 445 U.S. 263, 271 (1980).  Outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501

13

U.S. 957, 1001, (1991) (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur in only "extreme" cases.  <u>Lockyer v. Andrade</u>, 538 U.S. at 72 73; <u>Rummel</u>, 445 U.S. at 272.  So long as a sentence does not exceed statutory maximums, it will not be considered cruel and unusual punishment under the Eighth Amendment.  <u>See</u> <u>United States v. Mejia Mesa</u>, 153 F.3d 925, 930 (9th Cir. 1998); <u>United States v. McDougherty</u>, 920 F.2d 569, 576 (9th Cir. 1990).

The Eighth Amendment does not disturb the authority of a state to protect the public by adopting a sentencing scheme that imposes longer sentences on recidivists who have suffered a serious prior felony conviction. <u>Ewing v. California</u>, 538 U.S. 11, 25 (2003) (upholding a sentence of twenty-five years to life for a recidivist convicted of grand theft); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 66-67, 73-76 (2003) (upholding two consecutive terms of twenty-five years to life and denying habeas relief to an offender convicted of theft of videotapes worth approximately $150 with prior offenses that included first-degree burglary, transportation of marijuana, and escape from prison); <u>Rummel</u>, 445 U.S. at 284 85 (upholding a sentence of life with the possibility of parole for a recidivist convicted of fraudulently using a credit card for $80, passing a forged check for $28.36, and obtaining $120.75 under false pretenses); <u>see</u> <u>Taylor v. Lewis</u>, 460 F.3d 1093, 1101-02 (9th Cir. 2006) (upholding a sentence of twenty-five years to life for possession of .036 grams of cocaine base where the petitioner had

served multiple prior prison terms with prior convictions of offenses that involved violence and crimes against the person). Likewise, the Court has affirmed severe sentences for controlled substance violations.  See Harmelin v. Michigan, 501 U.S. at 962-64 (1990) (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense).

Here, Petitioner has not set forth any facts regarding the substance and circumstances of his commitment offense, the social harm resulting from his criminal conduct, and Petitioner's criminal history.  In view of not only the limited legal basis for a challenge to the sentence, but also the absence of any pertinent factual detail, there is no basis for the Court to conclude that Petitioner's seven-year sentence was disproportionate or excessive.

To the extent Petitioner raises a claim concerning his restitution, he appears to be arguing about the application or interpretation of state law made by the state court.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 131 S.Ct. at 16; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002).  The Court accepts a state court's interpretation of state law.  Langford v. Day, 110 F.3d 1180, 1389

(9th Cir. 1996).

Petitioner has also failed to state any factual basis for a finding that the amount of restitution he was ordered to pay violated any constitutional right because unspecified others had been ordered to pay less.  A petitioner may establish an equal protection claim by showing that he was intentionally discriminated against based on his membership in a protected class.  See, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  A petitioner may also establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment.  See, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008).

Here, Petitioner has not alleged facts showing that he was the object of any intentional discrimination or that he was similarly situated with the others who allegedly were ordered to pay less restitution.  Petitioner has not shown any basis for relief with respect to the amount of restitution ordered.  Accordingly, it will be recommended that the Court deny Petitioner's claim that his sentence was excessive.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals

16

from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.   28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).   A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).   Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.   <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).   A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.   <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.   <u>Id.</u>   An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.   <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.   Petitioner has not made a substantial showing of the denial

17

of a constitutional right.   Accordingly, it will be recommended that
the Court decline to issue a certificate of appealability.

VI.   <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1)   The petition for writ of habeas corpus be DENIED; and

2)   Judgment be ENTERED for Respondent; and

3)   The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United
States District Court Judge assigned to the case, pursuant to the
provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
Rules of Practice for the United States District Court, Eastern
District of California.   Within thirty (30) days after being served
with a copy, any party may file written objections with the Court
and serve a copy on all parties.   Such a document should be
captioned "Objections to Magistrate Judge's Findings and
Recommendations."   Replies to the objections shall be served and
filed within fourteen (14) days (plus three (3) days if served by
mail) after service of the objections.   The Court will then review
the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
The parties are advised that failure to file objections within the
specified time may result in the waiver of rights on appeal.
<u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing
<u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 26, 2015**__              _____**/s/ Sheila K. Oberto**_____
                                    UNITED STATES MAGISTRATE JUDGE

18